UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL J.,

                                                                                             DECISION AND ORDER

                                     Plaintiff,

                                                                                            19-CV-6748L

                 v.

ANDREW SAUL,
Commissioner of Social Security,

                                     Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On February 16, 2016, plaintiff, then forty-one years old, filed applications for a period of disability and disability insurance benefits, and for Supplemental Security Income, alleging an inability to work since June 1, 2015. (Administrative Transcript, Dkt. #7-2 at 12). His application was initially denied. Plaintiff requested a hearing, which was held on June 14, 2018 before Administrative Law Judge ("ALJ") Michael W. Devlin. The ALJ issued an unfavorable decision on October 1, 2018. (Dkt. #7-2 at 12-24). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 9, 2019. (Dkt. #7-2 at 1-2). Plaintiff now appeals.

       The plaintiff has moved for remand of the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, specifically those reflecting treatment for injuries plaintiff sustained in a motor vehicle accident. The resulting diagnoses included polytrauma with C1cervical fracture and L1 lumbar fracture, status post C1-C2 spinal infusion with instrumentation, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #7-2 at 15).

Plaintiff had also alleged that anxiety and depression contributed to his symptoms. Summarizing plaintiff's mental health treatment records and applying the special technique, the ALJ found that plaintiff had no limitations in understanding, remembering, and applying information, no limitations in interacting with others, no limitations in attention and concentration, and no limitations in adapting or managing himself. (Dkt. #7-2 at 15-16).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: able to lift or carry 10 pounds occasionally and less than ten pounds frequently. Plaintiff can stand and/or walk for up to two hours, and sit for up to six hours, in an eight-hour workday. He can no more than occasionally push or pull 10 pounds, climb

ramps and/or stairs, balance, stoop, kneel, crouch or crawl. He can never climb ladders, ropes or scaffolds. He can no more than frequently look up or down, turn his head left or right, reach, handle and/or finger bilaterally. (Dkt. #7-2 at 17).

When given this RFC as a hypothetical question at the hearing, vocational expert Peter A. Manzi testified that such an individual would be unable to perform plaintiff's past relevant work as a bag machine operator (a semi-skilled medium position, previously performed by plaintiff at the heavy exertional level), but could instead perform the representative unskilled sedentary positions of table worker, addresser, and order clerk. (Dkt. #7-2 at 22-23). The ALJ accordingly found plaintiff "not disabled."

## I.     Medical Opinion Evidence

Plaintiff's primary contention is that the ALJ erred when he formulated an RFC in reliance on the opinion of Dr. Rita Figueroa, because Dr. Figueroa's opinion was rendered prior to plaintiff's cervical spinal fusion surgery on July 13, 2017, and was therefore stale.

Where, as here, the record does not contain medical opinions from an acceptable medical source such as a treating physician or psychiatrist concerning a severe impairment, the opinions of consulting and examining physicians can "take on particular significance." *Montanez v. Berryhill*, 334 F. Supp. 3d 562, 564 (W.D.N.Y. 2018). In considering such opinions, the ALJ should apply the same factors typically used to weigh the opinions of treating physicians, including: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the source's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. Further, the ALJ must articulate his reasons for assigning the weight that he does accord to the medical opinions of record. *Id*.

Dr. Figueroa examined plaintiff on March 24, 2016. (Dkt. #7-7 at 326-29). Plaintiff reported neck and lumbar fractures, with resulting pain and migraine headaches. Plaintiff wore a neck brace to the examination. Dr. Figueroa diagnosed polytrauma with C1 fracture and lumbar fracture at L1. Examination findings included limited range of motion in the cervical spine and minor sensory loss in the hands, but his gait, strength, sensation, grip strength, and dexterity were otherwise normal. Dr. Figueroa opined that plaintiff was "moderately" limited with respect to reaching, pushing, pulling, heavy lifting, carrying, and turning his neck, and was "mildly" limited with respect to repetitive bending. (Dkt. #7-7 at 329).

The ALJ afforded the opinion "some" weight, noting that Dr. Figueroa's use of terms like "moderate" and "mild" was vague, and that Dr. Figueroa's opinion appeared in some respects to be based on plaintiff's self-reports rather than on any objective medical findings, since Dr. Figueroa had noted normal gait and stance, full squat, and the ability to walk on heels and toes without difficulty. With the exception of spinal range of motion deficits, plaintiff's strength, sensation and reflexes were within normal limits. (Dkt. #7-2 at 22).

While the ALJ gave Dr. Figueroa's opinion only "some" weight, the RFC determined by the ALJ, which limited plaintiff to lifting and carrying no more than ten pounds, no more than occasional pushing and pulling, and no more than frequent turning of the neck or reaching, was largely consistent with Dr. Figueroa's opinion.

Initially, I do not concur that Dr. Figueroa's opinion was stale. Although "[a] stale medical opinion does not constitute substantial evidence to support an ALJ's findings," a "gap of time between when an opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion." *Majdandzic v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 180068 at *7 (W.D.N.Y.). In order for a medical opinion to be stale, there must be a significant

4

period of time between the date of the opinion and the hearing date, in addition to subsequent evidence "indicat[ing] a claimant's condition has deteriorated" over that period. *Vazquez v. Saul*, 2019 U.S. Dist. LEXIS 139858 at *7-*8 (W.D.N.Y. 2019) (quoting *Whitehurst v. Berryhill*, 2018 U.S. Dist. LEXIS 137417 at *12 (W.D.N.Y. 2018)). *See also Davis v. Berryhill*, 2018 U.S. Dist. LEXIS 39605 at *7 (W.D.N.Y. 2018).

Here, there is no indication in the record that plaintiff's condition deteriorated after his fusion surgery. To the contrary, notes in and after the 12-week surgical recovery period report that plaintiff's headaches were "significantly improved," that his sensation, strength and reflexes were within normal limits, and that plaintiff's "neck fe[lt] better with increased motion," although his neck did remain stiff and painful, and he wore a neck brace "on and off" for extra support. (Dkt. #7-2 at 21; Dkt. #7-8 at 821, 840, 842, 845; Dkt. #8-3 at 2444, 2446, 2448). Plaintiff even made an attempt to return to work sometime between the October 2017 and June 2018, but had to stop because the job was extremely physically demanding and required him to lift 100 pounds, which exacerbated his neck and back pain. (Dkt. #7-2 at 21; Dkt. #8-3 at 2453). Plaintiff's treating orthopedic surgeon, Dr. Addisu Mesfin, suggested that although plaintiff's return-to-work attempt had not been successful and that he would pledge to complete plaintiff's SSI paperwork to the best of his ability, "[plaintiff] ultimately has to decide what his . . . goal is and what type of job he is going to do." (Dkt. #8-3 at 2453.)

In summary, while plaintiff's neck pain and stiffness may have persisted following his fusion surgery, the lack of any evidence of *deterioration* following the surgery indicates that Dr. Figueroa's pre-surgery opinion was not stale.

Furthermore, an "RFC finding is not defective merely because it 'does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision.'" *Gore v.*

*Commissioner*, 2020 U.S. Dist. LEXIS 54878 at *17 (W.D.N.Y. 2020) (quoting *Trepanier v. Commissioner*, 752 F. App'x 75, 79 (2d Cir. 2018)(unpublished opinion)). While the ALJ opted not to fully credit a minor portion of Dr. Figueroa's opinion, his reasoning for declining to find that plaintiff's neck limitations were more extreme was clear. He did not rely on his own lay interpretation of the medical record in formulating plaintiff's RFC, but relied on the record as a whole, including plaintiff's longitudinal medical records and post-surgical records, which evidenced some cervical motion improvement following the 2017 surgery. (Dkt. #7-2 at 19-22).

Moreover, the limitations found by the ALJ bore an obvious and common-sense relationship to the plaintiff's severe impairments, and were not contradicted by objective examination findings of record. Accordingly, the Court concludes that the ALJ did not improperly substitute his own lay judgment for a competent medical opinion. *See Wynn v. Commissioner*, 342 F. Supp. 3d 340, 349 (W.D.N.Y. 2018) (ALJ's failure to adopt any medical opinion its entirety is not erroneous where "it is clear to the Court how and why the ALJ arrived at the assessed RFC").

In summary, I find that the weight given by the ALJ to Dr. Figueroa's opinion was appropriate and sufficiently explained, and that the ALJ's decision is supported by substantial evidence, and is not the product of legal or factual error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is denied, and the Commissioner's cross motion for judgment on the pleadings

(Dkt. #14) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 9, 2020.